(No. 00066—)

OLIVIA HENDREE, as mother of JAMES W. CAMPBELL, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 31, 1974.*

OLIVIA HENDREE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, and VINCENT BISKU-PIC, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim, arising out of the death of a fireman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," [hereafter, "the Act"] *Ill. Rev. Stat. 1971, Ch. 48, §281 et. seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and fur-

nished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence, submitted at a hearing before the full Court on July 10, 1974, the Court finds as follows:

1. That the claimant, Olivia Hendree, is the mother of the decedent and is the beneficiary who was designated by him as stated in her application for benefits,

2. That the decedent, James W. Campbell, was a patrolman employed by the Chicago Police Department and engaged in the active performance of his duties, within the meaning of §2(e) of the Act, on February 1, 1974;

3. That on said date, Patrolman Campbell, having been assigned to a walking "beat" duty, entered a currency exchange at 5111 South Halsted. While in the currency exchange, with his back to the door, two unknown males entered the currency exchange, attacked Patrolman Campbell from behind, pulled his service revolver from his holster and shot Officer Campbell three times in the back and left shoulder as he struggled to apprehend them. Officer Campbell was removed to Billings Hospital where he remained until February 9, 1974, when he died of complications resulting from his wounds. The Coroner's Certificate of Death recites the immediate cause of death as "bullet wound of chest-back (spinal cord)";

4. The Court finds, therefore, that Patrolman Campbell was killed in the line of duty as defined in §2(e) of the Act, and

5. That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $20,000 (TWENTY THOUSAND Dollars) be awarded to Olivia Hendree as mother and designated beneficiary of the deceased patrolman, James W. Campbell.